**UNITED STATES DISTRICT COURT**          **EASTERN DISTRICT OF TEXAS**

| | | |
|---|---|---|
| LAURI L. HAMPSHIRE, Individually and on Behalf of All Others Similarly Situated, | § § § | |
| RAYMOND ELMORE, Individually and on Behalf of All Others Similarly Situated, | § § § | |
| KARY VINCENT, Individually and on Behalf of All Others Similarly Situated, | § § § | |
| APRIL COLEMAN, Individually and on Behalf of All Others Similarly Situated, | § § § | |
| DEBORAH AUGUSTUS, Individually and on Behalf of All Others Similarly Situated, and | § § § § | |
| GLENDA WASHINGTON, Individually and on Behalf of All Others Similarly Situated, | § § § § | |
| Plaintiffs, | § § | |
| *versus* | § § | CIVIL ACTION NO. 1:06-CV-235 |
| PORT ARTHUR INDEPENDENT SCHOOL DISTRICT and JULIA SAMUELS, | § § § § | |
| Defendants. | § § | |

### MEMORANDUM AND ORDER

Pending before the court is Plaintiffs Lauri L. Hampshire ("Hampshire"), Raymond Elmore, Kary Vincent, April Coleman, Deborah Augustus, and Glenda Washington's (collectively, "Plaintiffs") Motion for Conditional Class Certification and Issuance of Court Supervised Notice to Potential Class Members (#22). Plaintiffs seek damages from Defendants Port Arthur Independent School District ("PAISD") and Julia Samuels (collectively,

"Defendants") based on their alleged failure to pay overtime wages in violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201-219.  Having reviewed the pending motion, the submissions of the parties, the pleadings, and the applicable law, the court is of the opinion that conditional class certification is not warranted.

I.    Background

On April 27, 2006, Plaintiff Hampshire, individually and on behalf of all others similarly situated, filed this lawsuit pursuant to the FLSA's collective action provision to recover unpaid overtime wages from Defendants.  *See* 29 U.S.C. § 216(b).  Hampshire alleges that Defendants required her and others similarly situated to work routinely "off the clock" with little or no additional compensation.  In a First Amended Complaint, filed on November 1, 2006, five additional plaintiffs, listed above, were named as class representatives.  Sixteen other individuals have filed written consents with the court to participate in this lawsuit, although no formal request has been made to add these persons as named plaintiffs.

In the instant motion, Plaintiffs contend that the court should conditionally certify a class of similarly situated individuals and authorize notice to potential class members.  Specifically, Plaintiffs request that notice be provided to all current and former non-certified employees of PAISD from April 2003 to the present who are or were employed as "custodians, cafeteria workers, bus drivers, mechanics, janitors, teacher's aides, secretaries, coach's assistants, painters, plumbers, receptionists, and/or electricians."  Defendants filed a response in opposition to conditional class certification, contending that Plaintiffs have failed to show that the putative class members are similarly situated to the class representatives.

II.   <u>Analysis</u>

The FLSA provides that an action "may be maintained against any employer (including a public agency) in any Federal or State court of competent jurisdiction by any one or more employees for and in behalf of himself or themselves and other employees similarly situated." 29 U.S.C. § 216(b).  A collective action prevents "piecemeal litigation, inconsistent adjudications, and difficult *res judicata* issues." *Belt v. EmCare, Inc.*, 299 F. Supp. 2d 664, 665 (E.D. Tex. 2003) (citing *Donovan v. University of Tex. at El Paso*, 643 F.2d 1201, 1206-07 (5th Cir. 1981)). In order to maintain a collective action, "'the named representatives and the members of the prospective [collective action] . . . must be similarly situated, and . . . the action must be one of general effect, not one which is purely personal to the [individual] plaintiff[s].'" *Cash v. Conn Appliances, Inc.*, 2 F. Supp. 2d 884, 897 (E.D. Tex. 1997) (quoting *Wyatt v. Pride Offshore, Inc.*, Civ. A. No. 96-1998, 1996 WL 509654, at *2 (E.D. La. Sept. 6, 1996)); *see Villatoro v. Kim Son Rest., L.P.*, 286 F. Supp. 2d 807, 808-09 (S.D. Tex. 2003) (citing 29 U.S.C. § 216(b)).

In addition, before proceeding as a collective action, a showing is required that other employees of the employer wish to opt into the lawsuit.  *See id.*; *Belt*, 299 F. Supp. 2d at 665. To satisfy the "opt in" requirement, prospective plaintiffs in a FLSA collective action must provide written consent to participate in the lawsuit.  *See Mooney v. Aramco Servs. Co.*, 54 F.3d 1207, 1212 (5th Cir. 1995), *overruled on other grounds by Desert Palace, Inc. v. Costa*, 539 U.S. 90 (2003); *Donovan*, 643 F.2d at 1208; *LaChapelle v. Owens-Illinois, Inc.*, 513 F.2d 286, 287 n.6 (5th Cir. 1975); *Villatoro*, 286 F. Supp. 2d at 808-09 (citing 29 U.S.C. § 216(b)); *Cash*, 2 F. Supp. 2d at 897 n.32.  The court maintains the "discretion to conditionally certify a collective action and to authorize the sending of notice to potential class members so that they may choose

to 'opt-in' to the suit." *Allen v. McWane, Inc.*, No. Civ. A. 2:06-CV-158, 2006 WL 3246531, at *1 (E.D. Tex. Nov. 7, 2006) (citing *Hoffmann-La Roche Inc. v. Sperling*, 493 U.S. 165, 169 (1989)); *accord Johnson v. TGF Precision Haircutters, Inc.*, 319 F. Supp. 2d 753, 754 (S.D. Tex. 2004); *Villatoro*, 286 F. Supp. 2d at 809.

In determining whether class certification is appropriate, courts generally employ one of two approaches—the "two-step" method developed in *Lusardi v. Xerox Corporation*, 118 F.R.D. 351 (D.N.J. 1987), or the "spurious" class action procedure discussed in *Shushan v. University of Colorado*, 132 F.R.D. 263 (D. Colo. 1990). *See Mooney*, 54 F.3d at 1213-14; *Johnson*, 319 F. Supp. 2d at 754-55; *Villatoro*, 286 F. Supp. 2d at 809; *H & R Block, Ltd. v. Housden*, 186 F.R.D. 399, 400-01 (E.D. Tex. 1999). The United States Court of Appeals for the Fifth Circuit has expressly declined to endorse either method over the other. *See Mooney*, 54 F.3d at 1216. The two-step approach, however, is the predominant test utilized by federal courts. *See Allen*, 2006 WL 3246531, at *1; *Bursell v. Tommy's Seafood Steakhouse*, Civ. A. No. H-06-0386, 2006 WL 3227334, at *2 (S.D. Tex. Nov. 3, 2006); *Basco v. Wal-Mart Stores Inc.*, No. Civ. A. 00-3184, 2004 WL 1497709, at *4 (E.D. La. July 2, 2004); *Mielke v. Laidlaw Transit, Inc.*, 313 F. Supp. 2d 759, 762 (N.D. Ill. 2004). In accordance with the majority approach, this court will employ the two-step analysis.

The first stage of the certification inquiry is the "notice stage," during which the court determines whether notice of the lawsuit should be provided to potential class members. *See Mooney*, 54 F.3d at 1213-14. Because only limited evidence is available for making this initial determination, the court applies "a fairly lenient standard," which "typically results in 'conditional certification' of a representative class." *Id.* at 1214; *accord Johnson*, 319 F. Supp. 2d at 754-55;

4

*Villatoro*, 286 F. Supp. 2d at 809.   The second phase of the analysis is ordinarily precipitated by a motion for "decertification" by the defendant, filed after discovery is largely complete.  *See Mooney*, 54 F.3d at 1214.  If the court finds that the employees are not sufficiently similar, the court decertifies the class, the opt-in plaintiffs are dismissed without prejudice, and the original plaintiffs proceed on their individual claims.  *See id.*; *Johnson*, 319 F. Supp. 2d at 755; *H & R Block, Ltd.*, 186 F.R.D. at 400.  Here, because the case is at the first stage of the two-step inquiry, the court will consider whether conditional certification and notice to potential class members is appropriate based on the pleadings and submissions of the parties.

"Although the standard for satisfying the first step is lenient, the court still requires at least 'substantial allegations that the putative class members were together the victims of a single decision, policy, or plan . . . .'"  *Id.* (citation omitted) (quoting *Mooney*, 54 F.3d at 1214 n.8); *see also Allen*, 2006 WL 3246531, at *2; *Bursell*, 2006 WL 3227334, at *2; *Basco*, 2004 WL 1497709, at *5.  The plaintiff bears the burden of proving that a similarly situated group of potential plaintiffs exists.  *See Allen*, 2006 WL 3246531, at *2; *Basco*, 2004 WL 1497709, at *5; *Reed v. Mobile County Sch. Sys.*, 246 F. Supp. 2d 1227, 1234 n.11 (S.D. Ala. 2003) (citing *Grayson v. K Mart Corp.*, 79 F.3d 1086, 1097 (11th Cir.), *cert. denied*, 519 U.S. 982 (1996)).  Such potential plaintiffs need not be identical, but there should be "'a demonstrated similarity among the individual situations . . . some factual nexus which binds the named plaintiffs and the potential class members together as victims of a particular alleged [policy or practice].'"  *Villatoro*, 286 F. Supp. 2d at 810 (quoting *Crain v. Helmerich & Payne Int'l Drilling Co.*, Civ. A. No. 92-0043, 1992 WL 91946, at *2 (E.D. La. Apr. 16, 1992)); *accord Allen*, 2006 WL

3246531, at *2; *Basco*, 2004 WL 1497709, at *5; *Heagney v. European Am. Bank*, 122 F.R.D. 125, 127 (E.D.N.Y. 1988).

The court examines a variety of factors when determining whether similarly situated plaintiffs exist. *See Mooney*, 54 F.3d at 1213 & n.7. In cases involving class certification of school district employees, district courts have considered the following factors: (1) whether the plaintiffs held the same job titles; (2) whether the plaintiffs worked similar hours and received similar pay; (3) whether the plaintiffs worked in similar geographical locations; and (4) whether the plaintiffs worked for the same decision-maker. *See, e.g.*, *Fisher v. Houston Indep. Sch. Dist.*, Civ. A. No. H-04-477, slip op. at 7-9 (S.D. Tex. Nov. 9, 2004); *Sheppard v. Silsbee Indep. Sch. Dist.*, No. 1:03-CV-788, slip op. at 4 (E.D. Tex. Aug. 4, 2004); *Reed*, 246 F. Supp. 2d at 1232 (citing *Stone v. First Union Corp.*, 203 F.R.D. 532, 542-43 (S.D. Fla. 2001)). Additionally, courts consider whether potential plaintiffs are identified, whether affidavits are submitted, and whether evidence of a widespread unlawful plan is provided. *See H & R Block, Ltd.*, 186 F.R.D. at 400. However, "[c]onclusory allegations made by plaintiffs in affidavits are not sufficient to establish substantial similarity." *Fisher*, slip op. at 5; *accord H & R Block, Ltd.*, 186 F.R.D. at 400; *see Bursell*, 2006 WL 3227334, at *2; *Sheppard*, slip op. at 6.

In the case at bar, Plaintiffs argue that class certification and notice is appropriate for the following reason:

> The Plaintiffs were all allowed and/or required to work in excess of 40 hours in a work week by the same board of directors, the same superintendent and the same assistant superintendent. The principal at each of the schools within the PAISD took direction from the board of directors and carried out such scheme in violation of the FLSA. They each had a common plan to get something for nothing.

Attached to Plaintiffs' reply brief are the affidavits of eleven PAISD employees, including each of the six purported class representatives.  Although some of the affidavits are unclear as to the specific job title of the affiant, it appears that the affidavits of the following classifications of employees are included:  one custodial services coordinator, two cafeteria workers, one bus driver, three teacher's aides, three coaches or coach's assistants, and one athletic coordinator. Plaintiffs submit no evidence regarding alleged FLSA violations relating to the remaining categories of employees that they seek to represent, namely, mechanics, janitors, secretaries, painters, plumbers, receptionists, and electricians.

Plaintiffs' submissions offer little support for their contention that class certification and notice to potential class members is warranted in this case.  While some of the affidavits are more detailed than others, most only vaguely describe purported FLSA violations.  In particular, several of the affiants fail to identify their specific job titles, the locations of their job sites, the names of their direct supervisors, the nature of their compensation, or other specific facts to support their allegations under the FLSA.[1]  Because Plaintiffs provide such limited information, the court is unable to conclude that the putative class members and the class representatives are similarly situated.  Furthermore, "overtime violations may be wrought by any number of means, [and] the plaintiffs do not seek to represent a class alleging any particular manner of overtime violation but affirmatively intend to represent all employees owed overtime compensation regardless of how the failure to pay occurred."  *Reed*, 246 F. Supp. 2d at 1233.  Such a case is not appropriate for conditional class certification, which requires substantial allegations that the putative class

---

[1] Indeed, the only information offered regarding such employment details was furnished by Defendants.

7

members were together the victims of a single decision, policy, or plan. *See Mooney*, 54 F.3d at 1214 n.8; *see also Reed*, 246 F. Supp. 2d at 1233.

Finally, the nearly identical statements in the affidavits that the affiants have personal knowledge of other potential plaintiffs who are similarly situated are insufficient for the court to find that such plaintiffs exist. *See Sheppard*, slip op. at 5; *H & R Block, Ltd.*, 186 F.R.D. at 400. "If such perfunctory efforts could lead to preliminary class certification and court authorized notice, the similarly situated requirement would be rendered essentially meaningless." *Sheppard*, slip op. at 5. Thus, despite the lenient standard for conditional class certification, Plaintiffs have failed to meet their burden of establishing that similarly situated plaintiffs exist.

Moreover, Defendants have provided substantial evidence that the purported class members in this case are, in fact, not similarly situated. With respect to job title, Plaintiffs' proposed class is particularly broad, encompassing custodians, cafeteria workers, bus drivers, mechanics, janitors, teacher's aides, secretaries, coach's assistants, painters, plumbers, receptionists, and electricians. As Defendants' response describes in detail, these positions entail starkly contrasting responsibilities and job demands. Additionally, they involve diverse schedules and include unique methods of compensation, such as annual salaries, hourly wages, stipends, and travel allowances. For example, PAISD employs approximately ninety bus drivers—approximately sixty-six drivers with regular routes and twenty-four substitute drivers who provide assistance  when necessary. Each regular driver operates two to three routes per day, with some drivers opting to drive midday routes, evening athletic routes, or field trips. Drivers are paid hourly based on seniority and report to the district's transportation coordinator. In contrast, PAISD's approximately 150 teacher's aides are paid an annual salary and typically work eight-hour days, with variations

depending on the particular school.  A teacher's aide is supervised on a daily basis by the teacher to whom he or she is assigned but ultimately reports to the school principal.  In sum, such disparate job titles, work schedules, and compensation methods illustrate that the proposed class members are not similarly situated to Plaintiffs or to each other.

Furthermore, PAISD's approximately 1,300 employees are geographically separated and report to different supervisors.  PAISD educates students on fifteen campuses, consisting of nine elementary schools, three middle schools, one high school, one alternative school, and one vocational center.  Additionally, it employs individuals at the school district's administration building, child nutrition building, bus barn, and maintenance facility.  Depending on the specific position, employees may report to a school principal, coordinator, or other supervisor, such as a teacher or coach.  These decision-makers individually determine the hours that an employee works and authorize overtime, if necessary.  Thus, although PAISD exists as a single entity, the evidence presented by Defendants shows significant autonomy among the various locations within the district.  Such autonomy belies Plaintiffs' contention that PAISD had a "common plan" to violate the FLSA.

III.    Conclusion

Plaintiffs have failed to meet their burden of showing that similarly situated claimants exist in this case.  Moreover, the evidence presented by Defendants reveals that Plaintiffs' proposed class consists of employees with diverse job titles, schedules, compensation, work locations, and supervisors.  Therefore, Plaintiffs' Motion for Conditional Class Certification and Issuance of Court Supervised Notice to Potential Class Members is denied.  Accordingly, the sixteen opt-in

plaintiffs are dismissed from this action without prejudice, and Defendants' Motion for Extension

of Deadlines and for Leave to File Sur-Reply Exceeding Page Limit (#37) is denied as moot.

SIGNED at Beaumont, Texas, this 7th day of December, 2006.

_Marcia A. Crone_

MARCIA A. CRONE
UNITED STATES DISTRICT JUDGE